UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RJ PRODUCTION COMPANY** <br> **d/b/a DIGIMEDIA,** | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) | Civ. Action No. 10-0584 (ESH) |
| **NESTLE USA, INC.,** *et al.*, | ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

# MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, following defendants' removal from the Superior Court of the District of Columbia. Plaintiff's complaint alleges, *inter alia*, that defendants violated the Controlling the Assault of Non-Solicited Pornography and Marketing ("CAN-SPAM") Act of 2003, 15 U.S.C. §§ 7701-7713. (Compl. at 2, 6.) Defendants relied on plaintiff's CAN-SPAM claim in removing the case to this Court pursuant to 28 U.S.C. § 1331, which grants district courts jurisdiction over actions arising under federal statutes. The CAN-SPAM Act is generally enforced by the Federal Trade Commission, certain other federal agencies, and the states. 15 U.S.C. § 7706(a), (b), (f). The only private cause of action created by the CAN-SPAM Act applies to "provider[s] of Internet access service," *id.* § 7706(g), who are defined as those who provide "a service that enables users to access content, information, electronic mail, or other services over the Internet, and may also include access to proprietary content, information, and other services offered to consumers." *See id.* § 7702(11) (citing 47 U.S.C. § 231(e)(4)).

Plaintiff is a "digital media subcontracting, outsourcing, and consulting firm" (Compl., Ex. A), and makes no allegations suggesting that it is an Internet service provider with standing under the CAN-SPAM Act. *See Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1053 (9th Cir. 2009) (noting that CAN-SPAM Act "conferred standing only on adversely affected IAS providers, but not adversely affected consumers"). Moreover, the harms alleged by plaintiff (*i.e.*, the failure of defendants to "omit[] payment contingencies" in their emails to plaintiff and their refusal to pay plaintiff for commercials it produced (Compl. at 1)) are not of the "type experienced by ISPs" such that they "satisfy the CAN-SPAM Act's standing provision." *Id.* at 1053-54 (holding that "harms redressable under the CAN-SPAM Act . . . should reflect those types of harms uniquely encountered by IAS providers" and noting that "[i]n most cases, evidence of some combination of operational or technical impairments and related financial costs attributable to unwanted commercial e-mail would suffice").

Pursuant to 28 U.S.C. § 1915(e), this Court is required to dismiss a complaint upon determination that it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "A complaint may be dismissed on jurisdictional grounds when it "is 'patently insubstantial,' presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir.1994)); *see also Bell v. Hood*, 327 U.S. 678, 683 (1946). Because the CAN-SPAM Act does not grant plaintiff a cause of action or purport to redress the harms alleged by plaintiff, the Court concludes that plaintiff's claim under the Act is frivolous and therefore dismisses it.

In the absence of a federal claim against defendants,[1] the Court will not exercise supplemental jurisdiction over any remaining claims but instead will remand the case to Superior Court. *See* 28 U.S.C. § 1367(c)(3)("The district court[] may decline to exercise supplemental jurisdiction" where it has "dismissed all claims over which it has original jurisdiction."); *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 528 F.3d 34, 950 (D.C. Cir. 2008) ("There is a substantial presumption in favor of a plaintiff's choice of forum.") (citations omitted).

                                                             /s/
                                      ELLEN SEGAL HUVELLE
                                      United States District Judge

DATE: April 15, 2010

---

[1] Although not referenced in the notice of removal, plaintiff's complaint also cites various criminal statutes under Chapter 18 of the United States Code. (Compl. at 8 (citing 18 U.S.C. §§ 1341, 1343, 1345, 1346, 1349)). As these criminal statutes do not provide for private causes of action, they cannot be used to grant plaintiff access to federal courts. *See Ivey v. Nat'l Treasury Employees Union*, No. 05-1147, 2007 WL 915229, at *5 (D.D.C. Mar. 27, 2007) (dismissing civil claim under 18 U.S.C. § 1341 and other criminal statutes because "[t]here is no private right of action to enforce provisions of criminal law, and only a federal prosecutor may determine whether to pursue a criminal action").